**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
**MAJID ABDULLA AL JOUDI, et al.,**  )
                                    )
        **Petitioners,**             )
                                    )
    v.                              )    **Civil Action No.**
                                    )    **05-CV-0301 (GK)**
**GEORGE W. BUSH,**                  )
    **President of the**             )
    **United States, et al.,**       )
                                    )
        **Respondents.**             )
_____)

## MEMORANDUM OPINION

On December 31, 2007, Respondents notified the Court that the United States had relinquished custody of petitioner Abdul-Hakim Abdul-Rahman Al-Moosa (ISN 565) and transferred him to the control of the Government of Saudi Arabia.  Upon such transfer, the United States relinquished custody of the only Petitioner in the above-captioned action who remained in its custody.  Therefore, on January 7, 2008, the Court ordered that Petitioners show cause why the Petition should not be dismissed as moot.  On January 22, 2008, Petitioners filed their Response to the Order to Show Cause [Dkt. No. 114], and on March 20, 2008, in response to the Court's Order of March 3, 2008, Respondents filed a Response to Petitioners' Response to the Order to Show Cause [Dkt. No. 118].

For the following reasons, the Court hereby **dismisses** the above-captioned Petition as moot:

(1)  In order for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate

"some concrete and continuing injury," "some 'collateral consequence,'" in order to maintain the suit. Spencer v. Kemna, 523 U.S. 1, 7 (1998).  Each of the "collateral consequences" alleged by Petitioners – potential future monitoring by the Saudi Government, travel restrictions, and/or future prosecution – is speculative, not "concrete and continuing" as required by Article III, § 2 of the Constitution.  Petitioners offer no direct evidence of consequences they themselves presently suffer as a result of their prior detention, nor do they offer any competent evidence of consequences they will suffer in the future.[1]  Because Petitioners have failed to show the continued existence of a case or controversy, their petition must be dismissed as moot.

(2) Further, the potential collateral consequences alleged by Petitioners are totally dependent upon the actions of a non-party sovereign authority beyond the control of this Court.  Even if Petitioners were subjected to the potential collateral consequences alleged, such injury would result from the actions of the Saudi Government, not the U.S. Government, and therefore would not give rise to an injury that is redressable in this habeas action against Respondents.  In this case, any alleged adverse collateral

---

[1] The only evidence Petitioners present in support of their "collateral consequences" argument is media reports regarding the alleged treatment of certain former detainees. Resp. at 3-5. With respect to the possibility of a future trial, Petitioners concede that "no trials have occurred to date," further underscoring the speculative nature of their alleged "continuing" collateral consequences.

consequences, however serious, would be "based on the discretionary decisions of" someone other than Respondents, and therefore do not prevent this case from being moot. See Spencer, 523 U.S. at 13 (quoting Lane v. Williams, 455 U.S. 624, 632-33 (1982)); Idema v. Rice, 478 F. Supp. 2d 47, 52 (D.D.C. 2007).

(3) Finally, even were the Court to retain jurisdiction over this action and grant Petitioners the relief they seek, such a ruling would not preclude the Government of Saudi Arabia from taking all of the actions that Petitioners fear. Because this means that no actual injury that Petitioners would suffer or be threatened with would be "traceable to the Respondent" or "likely to be redressed by a favorable judicial decision," dismissal is required. Spencer, 523 U.S. at 7 (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)).

March 26, 2008                          /s/
                                        Gladys Kessler
                                        United States District Judge

**Copies to**: **attorneys on record via ECF**